FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 08, 2018

SEAN F. McAVOY, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WASHINGTON

JOSEPH EARL SINGLETON,

    Petitioner,

v.

STATE OF WASHINGTON,

    Respondent.

NO: 2:17-cv-00069-LRS

ORDER DENYING MOTION FOR RECONSIDERATION

BEFORE THE COURT is Petitioner's document which was liberally construed as a Motion for Reconsideration. ECF No. 24. By Order filed October 24, 2017, after having granted Petitioner an extensive opportunity to amend, the Court dismissed this action for lack of personal jurisdiction over the Respondent and judgment was entered. ECF Nos. 19 and 20. Petitioner, a prisoner at the Spokane County Jail, is proceeding *pro se* and *in forma pauperis*. The Motion was considered without oral argument on the date signed below.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A

ORDER DENYING MOTION FOR RECONSIDERATION -- 1

district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *School Dist. No. 1J*, 5 F.3d at 1263). These standards apply in habeas corpus proceedings under 28 U.S.C. § 2254 to the extent they are not inconsistent with applicable federal statutory provisions and rules. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Here, Petitioner has not alleged that there has been an intervening change of controlling law. Likewise, he has not offered newly discovered evidence that would justify this court re-examining the issue of his failure to amend his petition.

The only remaining question is whether the Court should alter its prior ruling in order to correct a clear error or prevent manifest injustice. *Smith,* 727 F.3d at 955. The dismissal of the petition was without prejudice. There is no clear error or manifest injustice. The Court finds no basis to reconsider the Order dismissing this action. Accordingly, **IT IS ORDERED** that Petitioner's Motion for Reconsideration, ECF No. 24 is **DENIED**. If Petitioner wishes to file a new and separate habeas action, he is free to do so.

**IT IS SO ORDERED.** The Clerk of Court shall enter this Order and provide a copy to Petitioner. The file shall remain closed. The Court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith,

and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this  8th  day of January, 2018.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
SR. U.S. DISTRICT JUDGE

ORDER DENYING MOTION FOR RECONSIDERATION -- 3